IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GENERAL CREATIONS, INC., | ) | |
| | ) | Case No. 03-01782 |
| Debtor. | ) | |
| | ) | |
| WILLIAM E. CALLAHAN, JR., | ) | |
| TRUSTEE FOR DEBTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN MOORE, | ) | |
| | ) | AP No. 05-07092 |
| Defendant, | ) | |
| | ) | |
| JAMES ADAIR, | ) | |
| | ) | AP No. 05-07093 |
| Defendant, | ) | |
| | ) | |
| KENNETH RUSSELL, | ) | |
| | ) | AP No. 05-07094 |
| Defendant, | ) | |
| | ) | |
| BRANT ENDERLE, | ) | |
| | ) | AP No. 05-07095 |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM DECISION

The matter before the Court is the affirmative defense raised by each Defendant in his Motion to Dismiss that the statute of limitations set forth in 11 U.S.C. § 546(a) expired before the adversary proceeding was filed. A hearing was held on the Motion to Dismiss on February 1, 2006. At that time, the Court took the matter under advisement and requested written argument

from counsel. Both parties have since submitted written arguments to the Court. The matter is now ready for decision. For the reasons noted below, the Court concludes that the Complaint in each adversary proceeding was timely filed and will deny the Defendant's affirmative defense.

## FINDINGS OF FACT

An involuntary bankruptcy petition was filed for General Creations, Inc., (the "Debtor") on April 28, 2003. The order directing that the case be administered under Chapter 7 and the order for relief were entered on July 22, 2003. William E. Callahan, Jr. (the "Trustee") was appointed interim trustee. At the section 341 meeting held on September 21, 2003, Mr. Callahan became the permanent trustee pursuant to 11 U.S.C. § 702(d). On July 22, 2005, Counsel for the Trustee filed a Complaint commencing each of the adversary proceedings alleging avoidance actions pursuant to 11 U.S.C. §§ 547, 548, and 550. Subsequently, Counsel for the Defendants filed a Motion to Dismiss raising the affirmative defense that the statute of limitations set forth in 11 U.S.C. § 546(a) expired before the adversary proceedings were filed.

The Defendants argue that the Court should dismiss the adversary proceedings because, they assert, counsel for the Trustee filed the Complaint one day after the two-year statute of limitations set forth in 11 U.S.C. § 546(a)(1)(A) expired. Counsel for the Defendants argues that two years means 730 days. Because 2004 was a leap year, it contained 366 days. Consequently, the Defendants conclude that the Complaint was filed in each adversary proceeding 731 days after the July 22, 2003 order for relief and missed the statute of limitations by one day.

Counsel for the Trustee asserts that each Complaint was timely filed under 11 U.S.C. § 546(a)(1)(A) because it was filed on the day before the statute of limitations expired. The Trustee argues that the language of § 546(a) is unambiguous and plainly provides that the Complaint be filed no later than two years after entry of the order for relief, not 730 days. Reasoning that a year is twelve months, which can consist of 365 or 366 days, the Trustee's counsel determines that the statute of limitations did not begin to run until July 23, 2003 and did not expire until 11:59 p.m. on July 22, 2005.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Recovery of alleged preferential pre-bankruptcy transfers made by a bankruptcy debtor is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(F).

The parties agree that the applicable statutory provision is 11 U.S.C. §546(a)(1)(A). Section 546(a) provides that an action under section 547 or 548 may not be commenced after the earlier of:

> (1) the later of -
> (A) 2 years after the entry of the order for relief or
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.

For each of the Complaints to have been timely filed, each must have been filed no later than two years after July 22, 2003, the date of entry of the order for relief. Rule 9006(a) of the Federal

Rules of Bankruptcy Procedure governs the computation of time when a period of time to take action is prescribed by an applicable statute, such as 11 U.S.C. § 546.

> [T]he day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Bankr. P. 9006(a). Accordingly, the two-year statute of limitations began to run on July 23, 2003. Under the Defendants' reasoning, the statute of limitations would end Thursday, July 21, 2005, which is 730 days from July 23, 2003. However, under the Trustee's method of analysis the statute of limitations would end on Friday, July 22, 2005, two calendar years from July 23, 2003.

In *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235 (1989), the Supreme Court stated "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Id.* at 242 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982). The Court reasoned that "Congress worked on the formulation of the [Bankruptcy] Code for nearly a decade." *Id.* at 240. Consequently, "it is not appropriate or realistic to expect Congress to have explained with particularity each step it took. Rather, as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *Id.* at 240-41. Section 546(a)(1)(A) requires the Complaint to be filed no later than **two years** after entry of the order for relief. Year is not defined by Section 546 or by any other provision of the Bankruptcy Code. Absent a contrary definition, *American*

*Jurisprudence* declares that a year consists of twelve calendar months. 74 Am. Jur. 2d *Time* §7 (2004).

> In the context of the measurement of a period of time preceding or following a specific event or date, the term "year" or "calendar year" means a period of 12 months commencing at a fixed or designated month and terminating with the day of the corresponding month in the next succeeding year thereafter, rather than a period commencing January 1 and terminating December 31.
> Under the Uniform Statute and Rule Construction Act, in computing a period of years prescribed or allowed by a statute or rule for taking or withholding action before, during, or after the period, the period ends on the day of the concluding month of the concluding year which is numbered the same as the day of the month of the year on which an event determinative of the computation occurred unless the concluding month has no such day, in which case the period ends on the last day of the concluding month of the concluding year.
> To settle any question as to the effect of a leap year in computing a period measured by years or fraction of a year, statutes sometimes provide that the added day of a leap year and the day immediately preceding shall be counted as one day.

74 Am. Jur. 2d *Time* §7 (2004). Based on this reasoning, the statute of limitations would have expired at midnight on July 22, 2005. Certainly, if Congress had wanted to define the term "year" in a different manner, it would have done so. While Counsel for the Defendant does cite cases where the court has recognized that a year means 365 days, the court was merely applying and enforcing established law in the relevant jurisdiction. *See deParrie v. City of Portland,* No. 92-312-FR, 1993 WL 8376, at *3 (D. Or. Jan. 4. 1993) (stating "[t]he law of the State of Oregon is that a statutory period of limitation described in terms of a 'year' means 365 days, and a year is not extended beyond 365 days because it contains 366 days"); *Olivo Ayala v. Lopez Feliciano,* 729 F.Supp. 9, 10 (D. P.R. 1990) (providing "the tolling doctrine of Puerto Rico dictates that a year must be understood to be 365 days in length").

The Trustee's method of calculating the statute of limitations has been described as the "anniversary date rule." "Under this rule, when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act. The anniversary date is the 'last day to file even when the intervening period includes the extra leap year day.'" *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The Court concludes that the Trustee's analysis is more consistent with the common understanding of the matter for attorneys, legislators, and the general public. "The anniversary date [rule] is clear and predictable, so that it is easy for litigants and attorneys to remember and for courts to administer." *Id.* Here, the Bankruptcy Code does not provide an alternative method for computing the statute of limitations set forth in 11 U.S.C. § 546(a) and Congress has not otherwise expressed an intent to preclude the application of the anniversary date rule. The Court holds that the statute of limitations set forth in 11 U.S.C. § 546(a)(1)(A) ended at midnight on July 22, 2005. Counsel for the Trustee filed a Complaint commencing each of the adversary proceedings on July 22, 2005. Accordingly, the Court concludes that each Complaint was timely filed and will deny the Defendants' Motion to Dismiss by a contemporaneous order.

This 28th day of February, 2006.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE